BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006
Telephone:   (202) 383-5300
Facsimile:   (202) 383-5414

CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
FRANKLIN RESOURCES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARLON H. CRYER, individually and on behalf of a class of all others similarly situated, and on behalf of the Franklin Templeton 401(k) Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., the Franklin Templeton 401(k) Retirement Plan Investment Committee, and DOES 1–25,<br><br>Defendants. | Case No. 4:16-cv-04265-CW<br><br>**DEFENDANT FRANKLIN RESOURCES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   November 29, 2016<br>Time:           2:30 p.m.<br>Judge:          Hon. Claudia Wilken<br>Courtroom:      2, 4th Floor<br><br>Complaint Filed: July 28, 2016<br>Trial Date:      None set |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND ISSUES TO BE DECIDED ......................................... 2

II. LEGAL STANDARD .................................................................................... 2

III. PLAINTIFF'S COVENANT NOT TO SUE PRECLUDES HIM FROM BRINGING THIS LAWSUIT. ........................................................................ 3

    A. Florida Law Governs The Interpretation Of The Covenant Not To Sue. ................................................................................................... 3

    B. Plaintiff's Covenant Not To Sue Is An Enforceable Contract. ..................... 5

    C. Plaintiff's Covenant Not To Sue Precludes Him From Asserting His ERISA § 502(a)(2) Claim. ........................................................................ 6

IV. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Page

**CASES**

*Albert's Shoes, Inc. v. Crabtree Constr. Co.*,
   89 So. 2d 491 (Fla. 1956) .................................................................................................. 6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................................... 3

*Arpin v. Santa Clara Valley Transp. Agency*,
   261 F.3d 912 (9th Cir. 2001) ............................................................................................. 3

*Blasland, Bouck & Lee, Inc. v. City of N. Miami*,
   96 F. Supp. 2d 1375 (S.D. Fla. 2000) ............................................................................... 5

*Bowles v. Reade*,
   198 F.3d 752 (9th Cir. 1999) ......................................................................................... 7, 8

*Caley v. Gulfstream Aerospace Corp.*,
   428 F.3d 1359 (11th Cir. 2005) ........................................................................................ 5

*California v. Campbell*,
   138 F.3d 772 (9th Cir. 1998) ............................................................................................. 2

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................................... 3

*Cheverie v. Geisser*,
   783 So. 2d 1115 (Fla. Dist. Ct. App. 2001) ..................................................................... 5

*Christakis v. Mark Burnett Prods.*,
   No. CV 08-6864 GW (JTLx), 2009 WL 1248947 (C.D. Cal. Apr. 27,
   2009) .................................................................................................................................. 4

*Evans v. Safeco Life Ins. Co.*,
   916 F.2d 1437 (9th Cir. 1990) ........................................................................................... 4

*Gonda v. Permanente Med. Grp., Inc.*,
   No. 11-cv-01363-SC, 2015 WL 678969 (N.D. Cal. Feb. 17, 2015) ............................... 4

*Gordon v. Metro. Life Ins. Co.*,
   103 F. Supp. 3d 1084 (N.D. Cal. 2015) ........................................................................... 2

*In re Suntrust Banks, Inc., ERISA Litig.*,
   No. 1:08-CV-03384-RWS, 2016 WL 4377131 (N.D. Ga. Aug. 17, 2016) ................... 7

*Nedlloyd Lines B.V. v. Superior Court*,
   3 Cal. 4th 459 (1992) ......................................................................................................... 4

*Nowlin v. Nationstar Mortg., LLC*,
   193 So. 3d 1043 (Fla. Dist. Ct. App. 2016) ..................................................................... 5

*Pellett v. Sonotone Corp.*,
   26 Cal. 2d 705 (1945) ........................................................................................................ 8

# TABLE OF AUTHORITIES
### (continued)

Page

*Penza v. Neckles*,
  340 So. 2d 1210 (Fla. Dist. Ct. App. 1976) .................................................................. 8

*Rosen v. Fla. Ins. Guar. Ass'n*,
  802 So. 2d 291 (Fla. 2001) .......................................................................................... 5,8

*Santos v. Gen. Dynamics Aviation Servs. Corp.*,
  984 So. 2d 658 (Fla. Dist. Ct. App. 2008) ..................................................................... 5

*Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*,
  40 F. Supp. 3d 1191 (N.D. Cal. 2014) ........................................................................... 3

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ....................................................................................... 8

*Smith v. Macdonald*,
  37 Cal. App. 503 (1918) ................................................................................................ 4

*Stargel v. SunTrust Banks, Inc.*,
  968 F. Supp. 2d 1215 (N.D. Ga. 2013), *vacated and remanded on other grounds*, 791 F.3d 1309 (11th Cir. 2015) ....................................................................... 7

*Syverson v. Int'l Bus. Machs. Corp.*,
  472 F.3d 1072 (9th Cir. 2007) ....................................................................................... 8

*Thompson v. Estate of Maurice*,
  150 So. 3d 1183 (Fla. Dist. Ct. App. 2014) ................................................................... 5

*United States v. Arango*,
  670 F.3d 988 (9th Cir. 2012) ......................................................................................... 3

**STATUTES**

ERISA § 502(a)(1)(B) ........................................................................................................ 6

ERISA § 502(a)(2) ..................................................................................................... 3, 6, 8

ERISA § 514, 29 U.S.C. § 1144 ......................................................................................... 4

**OTHER AUTHORITIES**

11 Fla. Jur. 2d *Contracts* (2016) ......................................................................................... 5

12 WILLISTON ON CONTRACTS (4th ed.) ............................................................................. 5

RESTATEMENT (SECOND) OF CONFLICT OF LAWS ............................................................. 4

RESTATEMENT (SECOND) OF CONTRACTS ......................................................................... 5

**RULES**

Fed. R. Civ. P. 56(a) .......................................................................................................... 2

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 29, 2016, at 2:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of this Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Franklin Resources, Inc., will and hereby does move under Rule 56 of the Federal Rules of Civil Procedure for judgment as a matter of law on the First Count of the Complaint filed by Plaintiff Marlon H. Cryer.

Defendant brings this motion under Rule 56 of the Federal Rules of Civil Procedure on the grounds that plaintiff is precluded from bringing this suit under the terms of the severance agreement he executed on February 13, 2016, which contains a covenant not to sue. The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Catalina J. Vergara and supporting exhibit, the pleadings in this action, and such other materials and evidence as may be presented to the Court.[1]

Dated: October 24, 2016

Respectfully submitted,

BRIAN D. BOYLE
CATALINA J. VERGARA
O'MELVENY & MYERS LLP

By:   /s/ Catalina J. Vergara

Catalina J. Vergara

Attorneys for Defendant
FRANKLIN RESOURCES, INC.

---

[1] Defendant is aware that this Court's standing order provides that "[a]bsent permission from the Court, all case-dispositive motions in a case will be briefed and heard together, on the case-dispositive motion hearing cut-off date, or on an earlier available date agreed to by the parties." In the interest of conserving the parties' and the Court's resources, defendant respectfully requests that the Court rule upon the Motion at this time, rather than at the motion hearing cut-off (which has not yet been set), given the narrow issue raised in the Motion and its likelihood to dispose of plaintiff's claim in its entirety.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND ISSUES TO BE DECIDED

In February 2016, Plaintiff Marlon H. Cryer left his employment with Franklin Templeton Companies, LLC, a subsidiary of Defendant Franklin Resources, Inc. ("Franklin Resources"). In connection with his separation, he executed a severance agreement (the "Agreement"), pursuant to which Franklin Templeton Companies, LLC agreed to provide plaintiff with various severance benefits and plaintiff agreed not to file any lawsuit—including any ERISA claim—against Franklin Resources, its affiliates, or its employees, including the fiduciaries of the Franklin Templeton 401(k) Retirement Plan (the "Plan"). (Ex. 1 (the Agreement) at 5, § 2(e).)[2] After having an opportunity to review the Agreement's terms and seek independent legal advice, plaintiff signed the Agreement on February 13, 2016. (*Id.* at 12.)

Just over five months after expressly agreeing not to file suit against Franklin Resources or the other Plan fiduciaries, plaintiff filed this action, alleging that the Plan fiduciaries breached their fiduciary duties of loyalty and prudence in managing the Plan. (*See* Dkt. No. 1 (Complaint).) Plaintiff's suit violates the clear and unambiguous language of his covenant not to sue. Whether or not another Plan participant can bring the same claim, the law is unambiguous that this plaintiff is precluded from pursuing it. Franklin Resources thus respectfully requests that the Court grant this motion for summary adjudication, to give effect to the Agreement's terms.

## II. LEGAL STANDARD

A motion for summary adjudication is governed by the same standards that apply to a motion for summary judgment. *Gordon v. Metro. Life Ins. Co.*, 103 F. Supp. 3d 1084, 1087 (N.D. Cal. 2015) (citing *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998)). Summary judgment must be granted when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

---

[2] All Exhibits are attached to the Declaration of Catalina J. Vergara in Support of Defendant Franklin Resources, Inc.'s Motion for Summary Adjudication, filed concurrently herewith.

1  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A fact
2  is "material" if it "might affect the outcome of the suit under the governing [substantive]
3  law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Arpin v. Santa
4  Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("Factual disputes whose
5  resolution would not affect the outcome of the suit are irrelevant to the consideration of a
6  motion for summary judgment.") (citation omitted).  A factual dispute is "genuine" if the
7  evidence is such that a reasonable jury could return a verdict for the nonmoving party
8  based on that evidence.  *See Anderson*, 477 U.S. at 248; *United States v. Arango*, 670 F.3d
9  988, 992 (9th Cir. 2012).

**III.  PLAINTIFF'S COVENANT NOT TO SUE PRECLUDES HIM FROM BRINGING THIS LAWSUIT.**

Notwithstanding the clear and unambiguous language of plaintiff's covenant not to sue, he commenced this lawsuit on July 28, 2016, asserting a single claim against Franklin Resources and other Plan fiduciaries for breach of fiduciary duty under ERISA § 502(a)(2).  Because plaintiff's covenant not to sue is enforceable and precludes him from proceeding with this action, Franklin Resources is entitled to judgment as a matter of law on plaintiff's claim.

**A.  Florida Law Governs The Interpretation Of The Covenant Not To Sue.**

Before analyzing whether plaintiff's covenant not to sue precludes him from pursuing his claim, this Court must first determine what law governs.  Here, the severance Agreement signed by plaintiff, a citizen and resident of Florida (Compl. ¶ 5), contains a provision stating that the Agreement "shall be governed by the statutes and common law of the State of Florida . . . ."  (Ex. 1 at 9, § 5(c).)  Under governing choice-of-law principles, that clause must be given effect, and Florida law must accordingly be applied to the analysis of plaintiff's covenant not to sue.

In diversity cases, federal courts look to the law of the forum state in making choice-of-law determinations.  *Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*, 40 F. Supp. 3d 1191, 1196 (N.D. Cal. 2014).  Under California law, contractual choice-of-

1  law provisions are enforced unless "(a) the chosen state has no substantial relationship to
2  the parties or the transaction and there is no other reasonable basis for the parties[']
3  choice, or (b) application of the law of the chosen state would be contrary to a
4  fundamental policy of a state which has a materially greater interest than the chosen state
5  . . . ." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 465 (1992) (quoting
6  § 187(2) of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS).  Here, the chosen state,
7  Florida, has a "substantial relationship" to the parties, because plaintiff resides in the state.
8  Further, applying Florida law to find the covenant not to sue is enforceable and precludes
9  plaintiff's claim (as explained in Section II.B below) would not contravene a
10 "fundamental policy" of the state of California, as evidenced by the fact that California
11 courts regularly enforce covenants not to sue that are negotiated at arm's length, as
12 plaintiff's was in this case. *See, e.g.*, *Christakis v. Mark Burnett Prods.*, No. CV 08-6864
13 GW (JTLx), 2009 WL 1248947, at *3–4 (C.D. Cal. Apr. 27, 2009) (reviewing waivers
14 and covenants not to sue under California law and concluding that they were enforceable
15 based on the "clear, unambiguous and explicit . . . intent of the parties"); *Smith v.
16 Macdonald*, 37 Cal. App. 503, 505 (1918) (concluding that agreement was "valid and
17 enforceable covenant not to sue," noting that "the contract appears to have been freely and
18 voluntarily entered into, and is one that is not against public policy in any respect").
19         Florida law thus applies to the question of whether plaintiff's covenant not to sue
20 bars his claim—and that is true notwithstanding ERISA's preemption provision, ERISA
21 § 514, 29 U.S.C. § 1144.  Although the Ninth Circuit has recognized that § 514 has broad
22 applicability, *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990), where,
23 as here, the parties have contractually agreed to the application of state law, the courts in
24 this Circuit have concluded that ERISA does not preempt state law and that the parties'
25 contractual choice of law provision should be applied. *See, e.g.*, *Gonda v. Permanente
26 Med. Grp., Inc.*, No. 11-cv-01363-SC, 2015 WL 678969, at *6–7 (N.D. Cal. Feb. 17,
27 2015) (giving effect to a choice-of-law provision contained in a settlement agreement
28 releasing ERISA claims, notwithstanding ERISA's preemption provision).

### B. Plaintiff's Covenant Not To Sue Is An Enforceable Contract.

"[A] covenant not to sue is nothing more than a contract, subject to the same rules of interpretation and construction as any other contract."  12 WILLISTON ON CONTRACTS § 36:19 (4th ed.) (citing *Rosen v. Fla. Ins. Guar. Ass'n*, 802 So. 2d 291 (Fla. 2001)); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 285; *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 96 F. Supp. 2d 1375, 1382 (S.D. Fla. 2000) (construing covenant not to sue under contract principles).  Under Florida law, "[a] contract is made when the three elements of contract formation are present: offer, acceptance, and consideration."  *Nowlin v. Nationstar Mortg., LLC*, 193 So. 3d 1043, 1045 (Fla. Dist. Ct. App. 2016) (citing 11 Fla. Jur. 2d *Contracts* § 25 (2016)).

Here, there can be no dispute that the Agreement meets all three elements. Through the written Agreement, Franklin Templeton Companies, LLC extended an offer to plaintiff wherein it would provide him with certain payments and other benefits to which he was not otherwise entitled in exchange for, among other things, plaintiff's promise to not sue Franklin Templeton Companies or affiliated entities and individuals (including Franklin Resources and Plan fiduciaries) for any claim.  (Ex. 1 at 1, § 1.) Plaintiff provided an unconditional acceptance to the offer by executing the Agreement without making any changes or revisions.  *See Thompson v. Estate of Maurice*, 150 So. 3d 1183, 1188 (Fla. Dist. Ct. App. 2014) ("'Generally, the acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer.'  Therefore, acceptance of an offer 'must contain an assent to the same matters contained in the offer.'") (quoting *Cheverie v. Geisser*, 783 So. 2d 1115, 1119 (Fla. Dist. Ct. App. 2001)).  Finally, the mutual promises and obligations undertaken by the parties pursuant to the Agreement and covenant not to sue satisfy the consideration requirement.  *See Santos v. Gen. Dynamics Aviation Servs. Corp.*, 984 So. 2d 658, 661 (Fla. Dist. Ct. App. 2008) ("'[M]utual promises and obligations are sufficient consideration to support a contract.'") (quoting *Caley v. Gulfstream Aerospace Corp.*, 428

F.3d 1359, 1376 (11th Cir. 2005)).  Because there was an offer, acceptance, and consideration in connection with the parties' execution of the Agreement and the covenant not to sue, the covenant not to sue is an enforceable contract.

### C. Plaintiff's Covenant Not To Sue Precludes Him From Asserting His ERISA § 502(a)(2) Claim.

In accordance with the plain language of the covenant not to sue, plaintiff has waived his ability to bring an ERISA claim against Franklin Resources and the Plan fiduciaries, and he is thus precluded from asserting such a claim in this action.  Indeed, plaintiff's claim falls squarely within the covenant not to sue.  Plaintiff promised not to bring "any lawsuit, arbitration, or action in the future in which [he] seeks to recover any damages from the Released Parties relating to any Claim." (Ex. 1 at 5, § 2(e).)  As defined in the Agreement, "Released Parties" includes Franklin Resources and Plan fiduciaries (i.e., the Investment Committee, and all Committee members) (*see id.* at 3, § 2(b)), and "Claims" includes "Claims the Employee might have under . . . the Employment Retirement Income Security Act of 1974." (*Id.* at 3, § 2(c)(i).)  As is clear by the terms of the Agreement and covenant not to sue, the parties intended that, in consideration for certain payments and other benefits, plaintiff would not bring a suit under ERISA.  *See Albert's Shoes, Inc. v. Crabtree Constr. Co.*, 89 So. 2d 491, 493 (Fla. 1956) ("'The pole star that guides our course in arriving at a safe conclusion in the consideration of documents of this nature [i.e., covenants not to sue] is the intent of the parties as expressed in the document itself.'").

Although the covenant not to sue does not apply to claims relating to "the Employee's vested participation in any qualified retirement plan" (Ex. 1 at 4, § 2(d)), plaintiff's § 502(a)(2) claim for breach of fiduciary duty, brought on behalf of the Plan, is plainly not a claim relating to plaintiff's vested participation in the Plan.  It is a fiduciary breach claim brought under § 502(a)(2), not a suit to recover lost benefits brought under § 502(a)(1)(B).  As one court has noted, characterizing a § 502(a)(2) claim as one for vested benefits would misconstrue the claim and would be inconsistent with general rules

of contract interpretation:

> Stargel's claim that she brought this case to recover 'vested benefits,' but not to make claims under ERISA, is meritless. The Amended Complaint does not contain a cause of action to recover lost benefits, vested or otherwise. Stargel did not bring her claims under § 502(a)(1)(B); rather she and Pruitt brought suit only under § 502(a)(2) and (3). Also, the Court agrees with Defendants that Stargel's broad interpretation of the carveout provision would render large portions of the Release meaningless, and thus goes against the rules of contract interpretation.

*Stargel v. SunTrust Banks, Inc.*, 968 F. Supp. 2d 1215, 1223 (N.D. Ga. 2013), *vacated and remanded on other grounds*, 791 F.3d 1309 (11th Cir. 2015) (per curiam).

It is no answer for plaintiff to point to the fact that he is bringing this claim on behalf of the Plan. Courts have found that nearly identical covenants not to sue bar an individual from bringing any claim under § 502(a)(2)—whether in his personal capacity or on behalf of the Plan. *See, e.g.*, *In re Suntrust Banks, Inc., ERISA Litig.*, No. 1:08-CV-03384-RWS, 2016 WL 4377131, at *2 (N.D. Ga. Aug. 17, 2016) (granting motion for summary judgment and holding that covenant precluded plaintiff from bringing claim on behalf of Plan under § 502(a)(2) where plaintiff "[covenanted, warranted, and agreed] that she will not institute, encourage, or join in as a class member or otherwise, any legal, or other proceeding against SunTrust or the other Defendants involving any of the Claims released by this Agreement") (citations omitted); *Stargel*, 968 F. Supp. 2d at 1224 (same).

Plaintiff may argue that he is nonetheless permitted to bring his suit based on the Ninth Circuit's decision in *Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999), but that case is inapposite. In *Bowles*, the plaintiff filed suit against his former employer's 401(k) plan, and various individuals who served in a fiduciary capacity with respect to the plan, alleging causes of action for breach of fiduciary duty under ERISA §§ 502(a)(1)(A) and (B) and 502(a)(3). *Bowles*, 198 F.3d at 756. During the pendency of the action, the plaintiff entered into a settlement agreement with one of the individual defendants under which the plaintiff released any claims relating to the plan against that defendant. *Id.* Following the settlement, the individual defendant moved to dismiss all claims against her with prejudice, citing plaintiff's release. *Id.* The district court dismissed the plaintiff's

individual claims, but denied the motion with respect to the plan's claims. *Id.* at 757. On appeal, the Ninth Circuit affirmed. *Id.* The court noted that the plaintiff's breach of fiduciary duty claims did not seek individual relief, but instead sought relief for the plans and all participants in the plans. *Id.* at 759–60. Because the claims were brought on behalf of the plans, the Ninth Circuit reasoned that the claims were "not truly individual" and plaintiff could not release those claims without the plans' consent. *Id.* at 760.

Here, unlike in *Bowles*, Franklin Resources is not arguing that plaintiff released claims on behalf of the Plan by executing the Agreement. Rather, Franklin Resources is arguing that plaintiff knowingly contracted away *his* rights to bring any such claim. In other words, although the Plan may have a § 502(a)(2) claim that may be brought by another participant, *plaintiff* may not bring the claim, because he agreed not to assert any claim against Franklin Resources under his covenant not to sue. As courts have recognized, the legal effect of a general release like the one at issue in *Bowles* is different from that of a covenant not to sue. While a release extinguishes a claim, a covenant not to sue does not—it only affects a particular party's ability to assert the claim. As the Florida Supreme Court has explained: "'A release is an outright cancellation or discharge of the entire obligation as to one or all of the alleged joint wrongdoers. A covenant not to sue recognizes that the obligation or liability continues but the injured party agrees not to assert any rights grounded thereon against a particular covenantee.'" *Rosen*, 802 So. 2d at 295 (citation omitted); *see also Penza v. Neckles*, 340 So. 2d 1210, 1213 (Fla. Dist. Ct. App. 1976) ("[T]here is a recognized distinction between a covenant not to sue and a release. The former recognizes that the obligation or liability continues, but the injured party covenants not to assert any rights thereon against the covenantee. The latter is an outright cancellation or discharge of the entire obligation.").[3] This point of distinction is

---

[3] Ninth Circuit case law is in accord. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 n.10 (9th Cir. 2012) ("A release is 'the abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced and its effect is to extinguish the cause of action; hence it may be pleaded as a defense to the action.' By contrast, a covenant not to sue 'is not a present abandonment or relinquishment of the right of claim, but merely an agreement not to enforce an existing cause of action.'") (quoting *Pellett v. Sonotone Corp.*, 26 Cal. 2d 705, 711 (1945)); *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1084

significant, as a plaintiff's covenant not to sue does not raise the same policy concerns as those present in *Bowles*. While a court may be concerned about permitting a single plan participant to release the Plan's claims without the Plan's consent, there is little question that an individual participant can, on his own accord, agree not to assert such claims. That is exactly what plaintiff did here.

## IV. CONCLUSION

There is no dispute that plaintiff executed an enforceable covenant not to sue Franklin Resources. The plain language of that covenant precludes plaintiff from asserting his ERISA claim against Franklin Resources and the Plan fiduciaries. Accordingly, Franklin Resources is entitled to judgment in its favor as a matter of law on plaintiff's claim, and respectfully requests that the Court grant this motion and enter judgment for Franklin Resources as a matter of law.

Dated: October 24, 2016            Respectfully submitted,

BRIAN D. BOYLE
CATALINA J. VERGARA
O'MELVENY & MYERS LLP

By:   /s/ Catalina J. Vergara
            Catalina J. Vergara

Attorneys for Defendant
FRANKLIN RESOURCES, INC.

---

(9th Cir. 2007) ("Black's Law Dictionary defines 'covenant not to sue' as '[a] covenant in which a party *having a right* of action agrees not to assert that right in litigation,' and a 'release' as 'the act of giving up a right or claim to the person against whom it could have been enforced.' This distinction is reflected in case law.") (emphasis in original; collecting cases).