IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON H. CRYER, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Franklin Templeton 401(k) Retirement Plan,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANKLIN TEMPLETON RESOURCES, INC.; and THE FRANKLIN TEMPLETON 401(k) RETIREMENT PLAN INVESTMENT COMMITTEE,<br><br>    Defendants.<br>_____/ | No. C 16-4265 CW<br><br>ORDER DENYING MOTION FOR SUMMARY ADJUDICATION AND MOTION TO DISMISS<br><br>(Docket Nos. 19 & 21) |

    This is a putative class action brought under the Employee Retirement Security Act of 1974 (ERISA), by Plaintiff Marlon Cryer a former participant in Defendant Franklin Resources, Inc.'s 401(k) retirement plan. Defendant Franklin Templeton Resources, Inc. has filed a motion to dismiss and a motion for summary adjudication. Plaintiff opposes the motions and Defendant has filed replies. Having considered the parties' papers, the Court DENIES both the motion for summary adjudication and the motion to dismiss.

BACKGROUND

Defendant is a financial services company that provides investment products, including mutual funds, to individual and institutional investors, which has, since 1981, sponsored a 401(k) plan for its employees. Complaint ¶¶ 14, 18. The Plan is a "defined contribution plan" under 29 U.S.C. § 1002(34) and an "employee pension benefit plan" under 29 U.S.C. § 1002(2). The Plan offers forty mutual funds to its investors, all of which are managed by Defendant or its subsidiaries. Id. at ¶ 22. In addition, the Plan offers a Company Stock Fund, which invests in common stock of Defendant, and a collective trust, managed by State Street Global Advisors, "which is intended to track domestic large-capitalization stocks as represented by the S&P 500 Index." Id. In 2015, the Plan added three additional collective trusts, also managed by State Street Global Advisors. These trusts offered "index tracking for international stocks, domestic small and mid-capitalization stocks, and bonds." Id.

Plaintiff alleges that the Franklin Templeton mutual funds offered by the Plan charge fees that are unreasonable and significantly higher than fees available from other available and comparable mutual funds. According to Plaintiff, the Plan's investment in these mutual funds "generated millions of dollars in fees for Franklin Templeton and its subsidiaries." Id. at 25. Plaintiff alleges that, despite these high fees, the Franklin Templeton funds "had and continue to have poor performance histories compared to prudent alternatives Defendants could have chosen for inclusion in the Plan." Id. at ¶ 31.

2

Plaintiff further alleges that the Plan offers its participants a Franklin Templeton money market fund, instead of a stable value fund. Plaintiff alleges that this decision sets the Plan apart from the majority of defined contribution plans and results in higher fees being paid to Defendant and lower returns for Plan participants. Finally, Plaintiff alleges that the total investment and administrative fees charged by the Plan are excessive. Specifically, Plaintiff alleges that "the total plan cost . . . was nearly double the cost of comparable plans that are not subject to conflicted fiduciary decision-making." Id. at 60.

Plaintiff is a former employee of Defendant and a former member of Defendant's 401(k) retirement plan. Plaintiff was terminated from employment on February 12, 2016. On February 13, 2016, he executed a document entitled "Confidential Agreement and General Release." Vergara Decl., Docket No. 21, Ex. 1. A representative for Defendant executed the agreement on February 29, 2016. The Agreement contains a clause providing that Plaintiff releases claims, including "Claims the Employee might have under . . . the Employee Retirement Income Security Act of 1974, and all similar federal, state, or local laws." Id. at 3. The release contains a carve-out of "Rights not Released." Id. at 4. As relevant to this case, the carve-out provides that Plaintiff does not release "any right that relates to . . . the Employee's vested participation in any qualified retirement plan." Id. The Agreement also contains a "Promise not to Litigate Released Claims," prohibiting Plaintiff from bringing any action against the released parties. This covenant not to sue excepts all claims discussed in the "Rights not Released" carve-out.

3

Finally, under the section entitled, "Payments and Other Benefits," the Agreement provides, "The Employee will retain any vested benefits under any applicable Franklin Resources, Inc. qualified retirement plan, and all rights associated with such benefits as determined under the official terms of any such plan." Id. at 2.

According to records produced by Defendant, Plaintiff took a distribution of all vested funds in his account on May 19, 2016. Anderson Decl., Docket No. 33, Ex. B.  Therefore, Plaintiff was terminated from the Plan as of the date of his Plan statement for the second quarter of 2016. Id. at Ex. A.

On July 28, 2016, Plaintiff filed the instant case individually and as the representative of a putative class of all other persons similarly situated and on behalf of the Franklin Templeton 401(k) Retirement Plan.  Plaintiff alleges a single claim for breach of fiduciary duty, based on the decisions to: (1) include and not to remove Franklin Templeton funds, which he alleges charged higher fees and had lower returns than comparable non-proprietary funds, in the Plan's investment offerings; (2) offer a proprietary money market fund rather than a stable value fund to Plan participants; and (3) charge fees that Plaintiff alleges are excessive.

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries; and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A).  ERISA also requires plan fiduciaries to

4

discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).  Under 29 U.S.C. § 1132(a)(1), a participant may bring a claim for equitable relief on behalf of an ERISA plan to "return to [the plan] and all participants. . . all losses incurred and any profits gained from [an] alleged breach of fiduciary duty."  Bowles v. Reade, 198 F.3d 752, 760 (9th Cir. 1999).  Plaintiff alleges that "Defendants caused the Plan to invest nearly a billion dollars in imprudent investment options, many of which were more expensive than prudent alternatives, unlikely to outperform their benchmarks, and laden with excessive fees which were paid to Franklin Templeton and its subsidiaries."  Complaint ¶ 75.  In addition, Plaintiff points out alternative investments, which he alleges are comparable to those offered by Defendant, but with much lower fees.  Complaint ¶ 27.

                              DISCUSSION
I.   Motion for Summary Adjudication
     A.   Legal Standard
     Summary judgment, or summary adjudication, is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

5

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

B. Discussion

Defendant moves for summary adjudication, arguing that Plaintiff's complaint violates the covenant not to sue contained in the Agreement he signed when he was terminated. Plaintiff does not dispute that the Agreement contained a valid covenant not to sue. Instead, he argues that the covenant not to sue cannot extend to his claim for breach of fiduciary duty because he makes that claim on behalf of the Plan and its participants. Plaintiff cites Bowles in support of this position. In that case, Bowles, a retired plan participant, brought various actions against her employer, its retirement plan and individuals who were trustees of the plan. Bowles asserted claims for breach of fiduciary duty and state law claims for breach of contract. Two years after the first complaint was filed, the participant signed a settlement

6

1 agreement with Reade, the representative of the estate of one of
2 the individual defendants.  The participant sought to dismiss all
3 of her claims against that defendant.  The district court
4 dismissed "all claims against Ms. Reade belonging to Bowles" but
5 found that "the agreement released 'only those claims legally
6 brought by Plaintiff Bowles and that Bowles [could not] and did
7 not release the Plans' claims against Defendant Reade.'"  198 F.3d
8 at 757.  The Ninth Circuit affirmed, holding that Bowles could not
9 settle, without the retirement plan's consent, her claim for
10 breach of fiduciary duty, which sought "a return to The Plans and
11 all participants of all losses incurred and any profits gained
12 from the alleged breach of fiduciary duty."  Id. at 760.  In
13 addition, the Ninth Circuit affirmed the district court's decision
14 that Bowles "remained as a plaintiff in her representative
15 capacity on behalf of The Plans and the participants
16 notwithstanding the release of her individual claims against Ms.
17 Reade."  Id. at 761.

18  Here, Plaintiff seeks to bring the same type of breach of
19 fiduciary duty claim to restore value to the Plan.  Defendant
20 argues that Bowles is distinguishable because it involved a
21 release rather than a covenant not to sue.  However, the covenant
22 not to sue in this case is explicitly a "Promise Not to Litigate
23 Released Claims."  Docket No. 21, Ex. 1 at 5.  Because Plaintiff
24 cannot release the breach of fiduciary duty claims made on behalf
25 of the Plan, such claims are not covered by the covenant not to
26 sue.  See In re JDS Uniphase Corporation ERISA Litigation, 2006
27 U.S. Dist. LEXIS 68271 (N.D. Cal.) (finding that release and
28 covenant not to sue did not prohibit plaintiffs from bringing

7

claims where, as here, plaintiffs alleged "plan-wide fiduciary wrongdoing and [sought] plan-wide relief").

Accordingly, the Court DENIES Defendant's motion for summary adjudication.

II. Motion to Dismiss

    A.   Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

Although the court is generally confined to consideration of the allegations in the pleadings, the court may also consider exhibits attached to the pleadings, Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). A court may take judicial notice of documents that are referenced in the complaint or central to the

8

claims and undisputedly authentic. EFK Investments, LLC v. Peerless Ins. Co., 2014 WL 4802920, at *2 (N.D. Cal.) (taking judicial notice of insurance policies referenced in plaintiff's complaint in dispute over exclusion provision).

B. Discussion

Defendant first argues that Plaintiff's breach of fiduciary duty claim fails as a matter of law because ERISA expressly permits a financial services organization to offer proprietary "common or collective trust fund[s] or pooled investment fund[s]" to their plans. 29 U.S.C. § 1108(b)(8). However, Plaintiff does not allege that Defendant was prohibited from offering its own mutual funds. Rather, Plaintiff alleges that Defendant breached its fiduciary duty by offering only its own products, including mutual funds and the money market fund, which charged higher fees than and performed poorly as compared to available comparable non-proprietary funds and products. Plaintiff further alleges that these decisions were made in order to allow Defendant to collect the excessive administrative and investment fees.

Defendant also argues that Plaintiff's claim fails as a matter of law because his allegations that other, lower-cost, higher-performing alternatives existed do not support an inference of a breach of fiduciary duty. However, these arguments are based on Defendant's contention that these alternatives were not, in fact, comparable or did not perform better. When considering a motion to dismiss, the Court must read the allegations in the light most favorable to the non-moving party. Defendant may well be able to prove that these alternatives were not comparable or that they did not perform better in the long-run, but the Court

may not resolve such factual questions at the motion to dismiss stage.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for summary adjudication and DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: January 17, 2017

CLAUDIA WILKEN
United States District Judge