1  BRIAN D. BOYLE (S.B. #126576)
   bboyle@omm.com
2  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
3  Washington, DC  20006
   Telephone:   (202) 383-5300
4  Facsimile:   (202) 383-5414

5  CATALINA J. VERGARA (S.B. #223775)
   cvergara@omm.com
6  O'MELVENY & MYERS LLP
   400 S. Hope Street
7  Los Angeles, CA 90071-2899
   Telephone:   (213) 430-6000
8  Facsimile:   (213) 430-6407

9
   Attorneys for Defendants
10 FRANKLIN RESOURCES, INC.

11
                    **UNITED STATES DISTRICT COURT**
12
                   **NORTHERN DISTRICT OF CALIFORNIA**
13
                          **OAKLAND DIVISION**
14

15 | MARLON H. CRYER, individually and | Case No.  4:16-cv-04265-CW |
16 on behalf of a class of all others
   similarly situated, and on behalf of the    **STIPULATED ORDER RE:**
17 Franklin Templeton 401(k) Retirement         **DISCOVERY OF**
   Plan,                                        **ELECTRONICALLY STORED**
18                                              **INFORMATION**
              Plaintiffs,
19
         v.
20
   FRANKLIN RESOURCES, INC., the
21 Franklin Templeton 401(k) Retirement
   Plan Investment Committee, and DOES
22 1–25,

23            Defendants.

24

25

26

27

28

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)       Only such ESI created or received after July 28, 2010 will be preserved.

b)       The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.  The parties shall add or remove custodians as reasonably necessary.

c)       Among the sources of data the parties agree are not reasonably accessible,

1    the parties agree not to preserve the following: Defendants' digital voicemail.

2      **5.    SEARCH**

3      The parties agree that in connection with discovery requests propounded pursuant

4    to Fed. R. Civ. P. 34, they will meet and confer about methods to search ESI in order to

5    identify ESI that is subject to production in discovery and filter out ESI that is not

6    subject to discovery.

7      **6.    PRODUCTION FORMATS**

8      All documents produced in discovery in this litigation, other than the exceptions

9    noted in this stipulation, will be produced as black and white, electronic TIFF images.

10    Producing documents as electronic TIFF images means they shall be provided as single-

11    page Tagged Image File Format (".tiff format") files and shall reflect, without visual

12    degradation, the full and complete information as represented in the original document.

13    The producing party shall produce extracted text files reflecting the full text that has

14    been electronically extracted from the original, native electronic files, unless redactions

15    are required in which case the text shall be based on OCR text of the redacted files.  All

16    Microsoft Excel and PowerPoint documents, except those requiring redaction, will be

17    produced in native format only with a Bates-numbered TIFF image slip-sheet stating

18    "Document [Bates numbers] is an Excel/PowerPoint file that has been produced in

19    native format."  Microsoft Excel and PowerPoints requiring redaction shall be produced

20    in TIFF.  If particular documents warrant a different format, the parties will cooperate to

21    arrange for the mutually acceptable production of such documents.

22      **7.    PHASING**

23      The parties agree to meet and confer regarding the phased production of ESI in

24    response to discovery requests propounded pursuant to Fed. R. Civ. P. 34.

25      **8.    DOCUMENTS PROTECTED FROM DISCOVERY**

26      a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-

27    product-protected document, whether inadvertent or otherwise, is not a waiver of

28    privilege or protection from discovery in this case or in any other federal or state

STIPULATED ORDER RE ESI
4:16-cv-04265-CW

proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)      Any "claw back" issues shall be treated in accordance with Fed. R. Civ. P. 26 (b)(5), Fed. R. Evid. 502 and any Protective Order, as modified by the parties and entered by the Court.

c)      Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9.      MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  May 5, 2017

BRIAN D. BOYLE
CATALINA J. VERGARA
O'MELVENY & MYERS LLP

By: /s/ Catalina J. Vergara
Catalina J. Vergara

Attorneys for Defendant
FRANKLIN RESOURCES, INC.

STIPULATED ORDER RE ESI
4:16-cv-04265-CW

1     Dated:  May 5, 2017               JOSEPH A. CREITZ
                                        CREITZ & SEREBIN LLP

2

3                                     MARK P. KINDALL
                                        ROBERT A. IZARD
                                        IZARD KINDALL & RAABE LLP

4

5                                     GREGORY Y. PORTER
                                        MARK G. BOYKO

6                                       BAILEY & GLASSER LLP

7

8                                    By:  /s/ Mark G. Boyko
                                            Mark G. Boyko

9

                                    Attorneys for Plaintiff
10                                    MARLON H. CRYER

11

12

13

14

15

16

17  PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19  Dated:  _____May 8, 2017_____            _____

20                               The Honorable Claudia Wilken
                               United States District Judge

21

22

23

24

25

26

27

28

                                                   STIPULATED ORDER RE ESI
                                                   4:16-cv-04265-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I, Catalina J. Vergara, am the ECF User whose ID and password are being used to file this Stipulated Order Re: Discovery of Electronically Stored Information.  In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Plaintiff, Mark G. Boyko, concurs in this filing.

Dated:  May 5, 2017

/s/ Catalina J. Vergara
Catalina J. Vergara

STIPULATED ORDER RE ESI
4:16-cv-04265-CW