Mark P. Kindall, Cal. Bar No. 138703
mkindall@ikrlaw.com
Robert A. Izard, *pro hac vice*
rizard@ikrlaw.com
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292

Gregory Y. Porter, *pro hac vice*
gporter@baileyglasser.com
Mark G. Boyko, *pro hac vice*
mboyko@baileyglasser.com
Bailey & Glasser LLP
1054 31st Street, NW Suite230
Washington, DC 20007
Telephone: (202) 463-2101

Joseph A. Creitz, Cal. Bar. No. 169552
joe@creitzserebin.com
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090

*Attorneys for the Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON H. CRYER, individually and as representative of a class of similarly situated persons,<br><br>     Plaintiffs,<br><br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>     Defendants. | Case No. 4:16-cv-4265-CW<br>(**lead case consolidated with**)<br>Case No. 3:17-cv-6409-CW<br><br>**DECLARATION OF GREGORY Y. PORTER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Judge:  Hon. Claudia Wilkens<br>Courtroom: 2, 4th Floor |

I, Gregory Y. Porter, declare as follows:

1.     I am a partner at the law firm Bailey & Glasser LLP ("Bailey & Glasser"). Bailey & Glasser is co-lead counsel for the certified class in this action. I submit this declaration in support of Plaintiff's Application for Attorneys' Fees, Reimbursement of Expenses and Named Plaintiff Incentive Awards. If called as a witness, I would and could competently testify to these facts.

2.     I have been actively involved in the prosecution of this Action, am familiar with its proceedings, and have personal knowledge of the matters set forth herein based on my active supervision and participation in all material aspects of the Actions.

3.     As outlined in Plaintiff's Motion for Class Certification, Dkt. 53, I and my firm have extensive experience in class action litigation and particular experience in class action litigation under the Employee Retirement Income Security Act of 1974 ("ERISA").

4.     To my knowledge, nineteen other class actions have been filed since the enactment of ERISA alleging fiduciary breaches from the selection or continued inclusion of proprietary funds in a 401(k) plan. Exhibit A to this declaration identifies each action of which I am aware.

5.     Exhibit A also identifies the gross settlement amount and the approximate number of class members identified in court filings for each case, and averages those to calculate a gross average recovery per class member.

6.     My associate, Mark Boyko, and I have extensive experience representing plaintiffs in this narrow area of law. Exhibit A to my declaration also identifies those settlements in which Mr. Boyko or I were attorneys of record for the plaintiffs.

Declaration of Gregory Y. Porter in Support of Motion for Attorneys' Fees
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW

2

7.    Class Counsel selected the Angeion Group as the Settlement Administrator after reviewing four competitive bids. In the past two years, Bailey Glasser has not retained the Angeion Group as an administrator for any class action settlement.

8.    In preparation for filing this motion, I reviewed Bailey Glasser's time and out-of-pocket expenses in connection with the current litigation, as well as the time and expenses of local counsel, Joseph Creitz, of the law firm Creitz & Serebin LLP.

9.    The information in this declaration regarding my firm's time and expenses, as well as that of Mr. Creitz, is taken from contemporaneous time and expense printouts prepared and maintained by the firms in the ordinary course of business. Time reflected in the lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. Class Counsel prosecuted this case on a wholly contingent basis, and has received no compensation to date for their litigation expenses or time.

10.    Bailey Glasser devoted a total of 4,454.3 hours to the prosecution of this litigation from inception through July 15, 2019, excluding time spent on the fee petition and supporting materials. The total lodestar amount for attorney time based on the firm's current rates is $2,111,250. A breakdown of Bailey Glasser's lodestar as of July 15, 2019, as well as the lodestar of Mr. Creitz, is as follows:

| Name | Years of Practice | Rate | Hours | Lodestar |
|------|-------------------|------|-------|----------|
| Greg Porter | 23 | $750 | 850 | $347,055 |
| Ryan Jenny | 20 | $600 | 30.1 | $18,060 |
| Tillman Breckenridge | 18 | $600 | 33.2 | $19,920 |
| Mark Boyko | 15 | $600 | 2,210.9 | $1,326,540 |
| Alex Serber | 2 | $300 | 781.4 | $234,420 |
| Melissa Kestner-Clay | Sr. Paralegal | $225 | 362.8 | $81,630 |
| Sue Polston | Sr. Paralegal | $225 | 606.3 | $121,260 |
| Annie Dimmick | Legal Assistant | $150 | 21.3 | $3,195 |
| Joseph Creitz | 27 | $750 | 41.9 | $31,425 |
| **Total Bailey Glasser** | | | **4,454.3** | **$2,111,250** |
| **Total Creitz & Serebin** | | | **41.9** | **$31,425** |

Declaration of Gregory Y. Porter in Support of Motion for Attorneys' Fees
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW

3

11.     Attached hereto as Exhibit B is a chart that breaks down the total hours spent by each attorney by the areas and tasks where their time was spent in the case. In addition, Exhibit B shows that under the hourly rates approved as market rates for 401(k) proprietary fund class ERISA litigation in *Krueger v. Ameriprise Fin.*, 2015 WL 4246879 (D. Minn. July 13, 2015), Bailey Glasser's lodestar would total $3,966,143 and Mr. Creitz' lodestar would total $35,615.

12.     We anticipate, based on prior experience, spending a minimum of 30 additional hours in order to communicate with class members, attend the Fairness Hearing, and monitor Defendants' compliance with the settlement. The time records above to not include future time spent on this case.

13.     The time records also do not include work performed to date on this Motion or work performed by summer associates or by attorneys or paralegals who billed fewer than five hours on this litigation. None of the expenses sought to be reimbursed include any expenses incurred relating to seeking reasonable attorneys' fees and expenses in this matter.

14.     Biographical details for the Bailey Glasser attorneys who worked on this case are included in the firm's resume, which was filed in connection with Plaintiff's Motion for Class Certification.

15.     The hourly rates show in paragraph 10 are Bailey Glasser's normal rates for ERISA litigation. Bailey Glasser's ERISA work is a specialized national practice; we do not charge differential rates based on the location where a lawsuit is filed. Courts have approved Bailey Glasser's fees in class actions litigated all over the country, most recently in *Schultz v. Edward D. Jones & Co., L.P.*, 16-cv-1346, Dkt. 113 (E.D. Mo. April 22, 2019) and *Johnson v. Providence Health & Services*, 17-cv-1779, Dkt. 69 (W.D. Wash. July 9, 2019).

Declaration of Gregory Y. Porter in Support of Motion for Attorneys' Fees
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW

4

16.     To date, Bailey Glasser's out-of-pocket expenses for this litigation are $296,240.61, broken down as follows:

| EXPENSE DESCRIPTION | AMOUNT |
| --- | --- |
| Court costs (*pro hac vice* fees) | $4,154.25 |
| Meals, Hotels & Transportation | $65,153.47 |
| Litigation Fund (Experts, Mediation and Data Storage) | $256,192.25 |
| Transcripts | $24,913.26 |
| Postage, copying and delivery | $3,175.24 |
| PACER and Westlaw | $6,260.93 |
| **TOTAL EXPENSES:** | $359,859.40 |

17.     In addition, Mr. Creitz has incurred filing fees of $400 and service of process costs of $37.95. These expenses include $5,000 in estimated travel expenses related to the Fairness Hearing and represent costs that would normally be charged to a fee-paying client in the private legal marketplace.

18.     The expenses pertaining to this case are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records and other documents, and are an accurate record of the expenses incurred in the prosecution of this matter.

19.     In this matter, the representation agreements signed by Plaintiffs Marlon Cryer and Nelly Fernandez provided for payment of attorneys' fees up to one-third (33.33%) of the gross value of any monetary award obtained after the litigation costs advanced by the attorneys are deducted.

Declaration of Gregory Y. Porter in Support of Motion for Attorneys' Fees
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW

5

20.     Mr. Cryer and Ms. Fernandez were instrumental in the achievement of this settlement. They responded to document requests and interrogatories, reviewed and approved pleadings, and assisted with discovery. Mr. Cryer sat for his deposition and Ms. Fernandez was prepared to until Defendants determined not to take one. After Mr. Cryer was denied leave to amend, Ms. Fernandez was integral to asserting prohibited transaction claims, which ultimately benefitted the entire Class.

21.     Details and material supporting the time records and expenses referenced in this declaration are available upon the request of the Court.

22.     To date, Class Counsel are not aware of any objections or other negative reaction from the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of July, 2019 at Washington, District of Columbia.


By:   /s/ Gregory Y. Porter
         Gregory Y. Porter

Declaration of Gregory Y. Porter in Support of Motion for Attorneys' Fees
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW

6

# EXHIBIT A

| Case | Recovery | Class Members | Class Member Ave. Gross Recovery | *Cryer* Attorneys Represented Plaintiffs |
|---|---|---|---|---|
| *Bilewicz v. FMR Co.*, Nos. 13-cv-10636 and 14-cv-10035 (D. Mass.) | $12,000,000 | 92,498 | $129.73 | X |
| *Dennard v. Transamerica Corp.*, No. 15-cv-30 (N.D. Iowa) | $3,800,000 | 25,581 | $148.55 | X |
| *Figas v. Wells Fargo*, No. 08-cv-4546 (D. Minn.) | $17,500,000 | 230,292 | $75.99 | X |
| *Gordan v. Mass. Mutual Life Ins.*, No. 13-cv-30184 (D. Mass.) | $30,900,000 | 32,000 | $965.63 | X |
| *Kanawi v. Bechtel Corp.*, No. 06-cv-5566 (N.D. Cal.) | $18,500,000 | 42,733 | $432.92 | X |
| *Krueger v. Ameriprise Fin.*, No. 11-cv-2781 (D. Minn.) | $27,500,000 | 46,460 | $591.91 | X |
| *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-cv-9329 (S.D.N.Y.) | $6,900,000 | 252,360 | $27.34 | X |
| *Main v. American Airlines, Inc.*, 16-cv-473 (N.D. Tex.) | $22,000,000 | 103,456 | $212.65 | |
| *Mehling v. New York Life Ins. Co.*, No. 99-cv-5417 (E.D. Penn.) | $14,000,000 | 45,643 | $306.73 | |
| *Moreno v. Deutsche Bank Am. Holding Corp.*, No. 15-cv-9936 (S.D.N.Y.) | $14,000,000 | 36,081 | $388.02 | |
| *Nolte  v. Cigna  Corp.*, No. 07-cv-2046 (C.D.Ill.) | $35,000,000 | 202,459 | $172.87 | X |
| *Richards-Donald v. Teachers Insurance and Annuity Association of Amer.*, No. 15-cv-8040 (S.D. N.Y.) | $5,000,000 | 26,442 | $189.09 | X |
| *Sims v. BB&T Corp.*, No. 15-cv-732 (M.D.N.C.) | $24,000,000 | 72,632 | $330.43 | |
| *Urakhchin v. Allianz Asset Mgmt. of Ameri., LP*, No. 15-cv-1614 (C.D. Cal.) | $12,000,000 | 5,810 | $2,065.40 | |
| *Will v. General Dynamics Corp.*, No. 06-cv-698 (S.D. Ill.) | $15,150,000 | 156,799 | $96.62 | X |
| *Velazquez v. Massachusetts Financial Services Co.*, No. 17-cv-11249 (D. Mass) | $6,875,000 | 3,000 | $2,291.67 | |
| *Price v. Eaton Vance Corp.*, 18-cv-12098 (D. Mass) | $3,450,000 | 2,600 | $1,326.92 | |
| *Pease v. Jackson National Life Ins. Co.*, No. 17-cv-284 (W.D. Mich.) | $4,500,000 | 11,454 | $392.88 | |
| *Schapker v. Waddell & Reed Financial Inc.*, No. 17-cv-2365 (D. Kan.) | $4,875,000 | 4,580 | $1,064.41 | |
| | | | | |
| ***Cryer v. Franklin*** | **$26,750,000** | **8,629** | **$3,100.01** | |
| | | | | |
| **Averages of Proprietary Fund Settlements excluding  *Cryer v. Franklin*** | **$14,628,947** | **73,309** | **$199.55** | |