Mark P. Kindall, Cal. Bar No. 138703
mkindall@ikrlaw.com
Robert A. Izard, *pro hac vice*
rizard@ikrlaw.com
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292

Gregory Y. Porter, *pro hac vice*
gporter@baileyglasser.com
Mark G. Boyko, *pro hac vice*
mboyko@baileyglasser.com
Bailey & Glasser LLP
1054 31st Street, NW Suite230
Washington, DC 20007
Telephone: (202) 463-2101

Joseph A. Creitz, Cal. Bar. No. 169552
joe@creitzserebin.com
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090

*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON H. CRYER, individually and as representative of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>Defendants. | Case No. 4:16-cv-4265-CW<br>**(lead case consolidated with)**<br>Case No. 3:17-cv-6409-CW<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND NAMED PLAINTIFF INCENTIVE AWARDS**<br><br>Hearing Date:<br>Time:<br>Judge:    Hon. Claudia Wilkens<br>Courtroom: 2, 4th Floor |

The Court having received and considered Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards (the "Fee Motion") in the above-captioned action (the "Action") and the supporting papers, including the Class Action Settlement Agreement dated February 12, 2019 (the "Settlement Agreement"), the declarations of counsel and the supporting Memorandum of Law, and having held a hearing on the Fee Motion on September 24, 2019, and finding good cause for granting the Fee Motion, makes the following findings of fact and conclusions of law:

1. The Settlement Agreement confers substantial benefits on the Settlement Class.

2. The benefits that the Settlement Agreement confers on the Settlement Class are immediate and readily quantifiable upon Judgment in the Action becoming Final (as defined in the Settlement Agreement).

3. Class Counsel, Bailey Glasser LLP and Izard, Kindall & Raabe, LLP, and Local Counsel Joseph Creitz (collectively, "Class Counsel"), vigorously and effectively pursued the claims in this complex case on behalf of the Plaintiffs and the Class.

4. The Settlement Agreement was obtained as a direct result of Class Counsel's advocacy.

5. The Settlement Agreement was reached following three years of litigation and extensive, good-faith negotiations between Class Counsel and Counsel for Defendants and was not the product of collusion.

6. Members of the Settlement Class were advised in the Class Notice approved by the Court that Class Counsel intended to seek attorneys' fees of $7,490,000, and to be reimbursed for the expenses they incurred in prosecuting the Action from the Settlement Fund.

7. Counsel who recover a common benefit for a class of persons other than their client are entitled to a reasonable attorneys' fees from the Settlement Fund as a whole. *See*, *e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

8. Class Counsel's requested fee is 28 percent of the amount of the Settlement.

9. In the Ninth Circuit, the "usual range" for a percentage award of attorneys' fees in a common fund case is 20–30 percent. *Vizcaino,* 290 F.3d at 1047. The midpoint of the range is the "benchmark" (*id.*), which can be adjusted upwards or downwards "to account for any unusual circumstances involved in [the] case." *Alberto v. GMRI, Inc.,* No. CIV 07-1895 WBS DAD, 2008 WL 4891201, at *11 (E.D. Cal. Nov. 12, 2008) (quoting *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989).

10. A slight upward adjustment from 25 percent to 28 percent is appropriate in this case. Class Counsel obtained the highest ever per-participant recovery in a case of this type. The case carried significant risks, including novel risks related to the Named Plaintiffs (and other members of the Class) previously signing covenants not to sue Defendants. There are meaningful additional benefits beyond the immediate generation of a cash fund, including changes to the Plan with respect to the challenged investment options. Class Counsel brought this as a continent action and have not received any compensation to date. The reaction of the class and lodestar cross check also justifying the modest adjustment to 28 percent. Finally, the market for legal services in this specialized area supports the requested fee. See, *Kanawi v. Bechtel Corp*., 2011 WL 782244 (N.D. Cal. Mar. 1, 2011).

11. A lodestar cross-check indicates that the requested fee provides a lodestar multiple of 2.48x, which is at or below multiples that have often been approved in other cases. The Court finds the rates and hours used to determine the lodestar multiplier to be

reasonable given the relevant market and the complexities of ERISA class litigation such as this.

12. The Court has duly considered the objections to the Settlement that were filed and that were raised in the Fairness Hearing. The Court denies those objections for the reasons stated by Class Counsel in their response to the objections, as well as reasons stated during the Fairness Hearing.

13. Class Counsel's request to be reimbursed for the $473,882.01 in expenses they incurred in prosecuting this case is also reasonable and the Court finds that these expenses would normally be charged to a fee-paying client.

14. Plaintiffs, Marlon Cryer and Nelly Fernandez, brought their respective lawsuits on behalf of the entire Plan. In doing so, Plaintiffs expended substantial amounts of time and effort to protect the interests of the Class and the Settlement is a direct result of Plaintiffs' commitment. In addition, the Plaintiffs risked alienation by peer and friends and reputational risk in having brought an action against their prior employer. Mr. Cryer also willingly subjected himself to a deposition during the course of the litigation.

15. Accordingly, the Court awards Class Counsel fees in the amount of $7,490,000, and reimbursement of $473,882.01 in expenses.  Mr. Cryer is awarded an Incentive Award in the amount of $25,000 and Ms. Fernandez is awarded an Incentive Award in the amount of $15,000.  All awards to Class Counsel and Plaintiffs shall be paid from the Settlement Fund.

**SO ORDERED** this ___ day of _____, 2019.

                                                  _____
                                                  The Honorable Claudia A. Wilken
                                                  U.S. District Court Judge

[PROPOSED] ORDER GRANTING ATTORNEYS' FEES
4:16-cv-4265-CW consolidated with 3:17-cv-6409-CW