Mark P. Kindall, Cal. Bar No. 138703
mkindall@ikrlaw.com
Robert A. Izard, *pro hac vice*
rizard@ikrlaw.com
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292

Gregory Y. Porter, *pro hac vice*
gporter@baileyglasser.com
Mark G. Boyko, *pro hac vice*
mboyko@baileyglasser.com
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street, NW Suite 540
Washington, DC 20007
Telephone: (202) 463-2101

Joseph A. Creitz, Cal. Bar. No. 169552
joe@creitzserebin.com
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MARLON H. CRYER, individually and on behalf of a class of all others similarly situated, and on behalf of the Franklin Templeton 401(k) Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., the Franklin Templeton 401(k) Retirement Plan Investment Committee, and DOES 1-25,<br><br>Defendants. | **Lead Case No. 4:16-cv-04265-CW**<br>[Consolidated with Case No. 4:17-cv-06409-CW]<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Judge:      Hon. Claudia Wilken |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Marlon Cryer and Nelly Fernandez (the "Plaintiffs") in the above-captioned consolidated litigation (the "Action") on their own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants Franklin Resources, Inc., the Franklin Templeton 401(k) Retirement Plan Investment Committee, the Franklin Templeton 401(k) Retirement Plan Administrative Committee, Norman Frisbie, Jennifer Johnson, Penelope Alexander, Kenneth Lewis, Dan Carr, Nicole Smith, Alison Baur, Madison Gulley (erroneously sued as Matthew Gulley), the Franklin Resources, Inc. Board of Directors, Gregory E. Johnson, Rupert H. Johnson, Jr., Charles B. Johnson, Charles E. Johnson, Peter K. Barker, Mariann Byerwalter, Mark C. Pigott, Chutta Ratnathicam, Laura Stein, Seth Waugh, Geoffrey Y. Yang, Samuel Armacost, Joseph Hardiman, and Anne Tatlock (the "Defendants"), on the other hand, have entered into a Settlement Agreement and Release dated February 15, 2019, (the "Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, the capitalized terms not defined in this Final Approval Order and Judgment shall have the same meaning ascribed to them in Part I of the Agreement;

WHEREAS, by Order dated June 3, 2019, (the "Preliminary Approval Order"), this Court (1) preliminarily approved the Settlement; (2) appointed a Settlement Administrator; (3) directed notice be given to the Class and approved the form and manner of Notice; (4) approved the Plan of Allocation; (5) scheduled a Final Approval Hearing; and (6) scheduled a hearing on Class Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards;

WHEREAS, due and adequate notice has been given to the Class;

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
ORDER AND FINAL JUDGMENT
4:16-cv-04265-CW

WHEREAS, the Court conducted a hearing on September 24, 2019, (the "Final Approval Hearing") to consider, among other things, (1) whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's Fee and Expense Application is reasonable and should be approved; (3) whether Plaintiffs' request for Case Contribution Awards is reasonable and should be approved; and (4) whether this Final Approval Order and Judgment should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in this Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction:**  The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents:**  This Final Approval Order and Judgment incorporates and makes a part hereof: (a) the Agreement filed with the Court on February 15, 2019, including the Plan of Allocation submitted therewith; and (b) the Notice approved by the Court on June 3, 2019.

3.    **Notice:**  The Court finds that the dissemination of the Notice:  (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action,

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
ORDER AND FINAL JUDGMENT
4:16-cv-04265-CW

of the effect of the Settlement (including the releases provided for therein), of their right to object

to the Settlement and appear at the Final Approval Hearing, of Class Counsel's Fee and Expense

Application, and of Plaintiffs' request for Case Contribution Awards; (d) constituted due,

adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed

Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure,

the United States Constitution including the Due Process Clause, and all other applicable law and

rules.

    4. **Objections:** No objections have been made to the Settlement.

    5. **Final Settlement Approval:** Pursuant to, and in accordance with, Rule 23 of the

Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set

forth in the Agreement in all respects including, without limitation, the terms of the Settlement;

the releases provided for therein; and the dismissal with prejudice of the claims asserted in the

Action, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the

best interests of Plaintiffs and the Class.  The Parties are directed to implement, perform and

consummate the Settlement in accordance with the terms and provisions of the Agreement.

    6. **Dismissal of Claims:** As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b),

all of the claims asserted in this Action against Defendants are hereby dismissed with prejudice.

The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the

Agreement.

    7. **Binding Effect:** The terms of the Agreement and of this Final Approval Order

and Judgment shall be forever binding on Defendants, Plaintiffs, and all Class Members, as well

as their respective current and former beneficiaries, heirs, descendants, dependents,

administrators, executors, representatives, predecessors, successors, and assigns.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
ORDER AND FINAL JUDGMENT
4:16-cv-04265-CW

8.     **Releases:**  The releases set forth in the Agreement (the "Releases"), are expressly incorporated herein in all respects.  The Releases are effective as of the date of the entry of this Final Approval Order and Judgment.  Accordingly, the Court orders that, as of that date:

a)     Plaintiffs and each Class Member (on behalf of themselves, their current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through the Independent Fiduciary), shall be deemed to have, and by operation of law and of this Final Approval Order and Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Released Claims, including any and all claims for monetary, injunctive, and all other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment (including, without limitation, any Unknown Claims) arising out of or in any way related to: (a) the conduct alleged in the *Cryer* and *Fernandez* operative Complaints, whether or not included as counts in the Complaints; (b) the selection, retention and monitoring of the Plan's investment options and service providers; (c) the performance, fees and other characteristics of the Plan's investment options; (d) the Plan's fees and expenses, including without limitation, its recordkeeping fees; (e) the nomination, appointment, retention, monitoring and removal of the Plan's fiduciaries; and (f) the approval by the Independent Fiduciary of the Settlement, and shall forever be enjoined from prosecuting any or all of the Released Claims, including any or all Unknown Claims, against the Defendant Released Parties, as more fully set forth in the Settlement Agreement; and

b)     The Company (on behalf of itself and any successors-in-interest) shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of

4

Plaintiff, the Plan, the Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, relating to the pursuit of the Action, as more fully set forth in the Settlement Agreement.

9.    **Rule 11 Findings:**  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action.

10.    **No Admissions:**  This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court), the negotiations that led to the agreement-in-principle reached by the Parties on December 3, 2018, the negotiation of the Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Agreement or approval of the Settlement, including any arguments proffered in connection therewith: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
ORDER AND FINAL JUDGMENT
4:16-cv-04265-CW

an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Class that their

claims lack merit or that the relief requested in the Action is inappropriate, improper or

unavailable; and (e) shall not be construed or used as an admission, concession, declaration or

waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that

the Agreement is terminated.  This Order and the Agreement and any proceedings taken pursuant

to the Agreement are for settlement purposes only.

11.    **Retention of Jurisdiction:**  Without affecting the finality of this Final Approval

Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over:

(a) the Parties for purposes of the administration, interpretation, implementation and enforcement

of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and

Expense Application and Plaintiffs' request for Case Contribution Awards; and (d) the Class

Members for all matters relating to the Action.

12.    **Fees and Awards:**  A separate order shall be entered on Class Counsel's Fee and

Expense Application and Plaintiffs' request for Case Contribution Awards.  Such order shall in no

way affect or delay the finality of this Final Approval Order and Judgment and shall not affect or

delay the Effective Date of the Settlement.

13.    **Modification of Settlement Agreement:**  Without further approval from the

Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or

modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that:

(a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not

materially limit the rights of Class Members in connection with the Settlement.

14.    **Termination:**  If the Settlement does not go into effect or is terminated as

provided for in the Agreement, then this Final Approval Order and Judgment (and any orders of

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
ORDER AND FINAL JUDGMENT
4:16-cv-04265-CW

1   the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further

2   force or effect, except as otherwise provided by the Agreement.

3          15.      **Entry of Final Judgment:**  There is no just reason to delay entry of this Final

4   Approval Order and Judgment as a final judgment with respect to the claims asserted in the

5

6   Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final

7   Approval Order and Judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

8

9

10  **SO ORDERED** this 4 day of October, 2019.

11

12  _____

    The Honorable Claudia A. Wilken
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                    CLASS ACTION SETTLEMENT
                                                                    AGREEMENT AND RELEASE
                                       7                            ORDER AND FINAL JUDGMENT
                                                                    4:16-cv-04265-CW